IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TERRI LEWIS-BLEDSOE,** <br><br> **Plaintiff,** <br><br> v. <br><br> **FORD MOTOR COMPANY,** <br><br> **Defendant.** | Case No. 1:21-cv-06116 <br><br> Honorable Harry D. Leinenweber <br> Honorable Beth W. Jantz |

### DEFENDANT FORD MOTOR COMPANY'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT AND REQUEST FOR A STATUS CONFERENCE

Defendant Ford Motor Company ("Defendant" or "Ford") respectfully moves this Court to strike the complaint (Dkt. 1) of Plaintiff Terri Lewis-Bledsoe ("Plaintiff" or "Lewis-Bledsoe"), and to schedule a status conference to discuss Plaintiff's orderly filing of an individual complaint. Alternatively, in the event the Court sets a status conference without striking the complaint, Defendant requests that its responsive pleading deadline (if any) be stayed pending the outcome of such status conference and resolution of issues regarding the content of the complaint.

The complaint filed to initiate this action is a verbatim copy of the Second Amended Complaint ("SAC") in *Van, et al. v. Ford Motor Co.*, No. 14-cv-8708 (N.D.Ill.) ("*Van*") (Pacold, J.). *Van* Dkt. 59. Plaintiff Lewis-Bledsoe's individual claims were severed from the *Van* case on November 16, 2021 and reassigned to this Court. *Van* Dkt. 674, Dkt. 1. But the *Van* SAC that was docketed to initiate Lewis-Bledsoe's individual action includes allegations on behalf of a class even though class certification was denied (twice). *See Van* Dkt. 306 (Dow, J.); *Van* Dkt. 418

(Dow, J.). The SAC also contains voluminous allegations concerning individuals and events that have no relationship to Plaintiff's individual claims. The Court therefore should strike the complaint and set a status conference to govern further proceedings.

1. The *Van* case was first filed by four Named Plaintiffs—not including Ms. Lewis-Bledsoe—on November 3, 2014. *See Van* Dkt. 5. Ms. Lewis-Bledsoe became a Named Plaintiff in *Van* on May 1, 2015. *See Van* Dkt. 29. The current, operative complaint in *Van* is the 194-page SAC filed on April 19, 2016. *See Van* Dkt. 59. The SAC asserts claims on behalf of various *Van* Plaintiffs, not just Ms. Lewis Bledsoe, and is drafted as a putative class action complaint.

2. After the Court denied the *Van* Plaintiffs' second motion for class certification, *Van* Dkt. 418, Ms. Lewis-Bledsoe terminated her relationship with her original counsel, *see Van* Dkt. 533, and was assigned settlement counsel through the Court's Settlement Assistance Program ("SAP"), *Van* Dkt. 604.

3. Magistrate Judge Cummings held a settlement conference between Ford, Ms. Lewis-Bledsoe, and her SAP counsel on November 8, 2021, *Van* Dkt. 668, but the parties were unable to reach a settlement.

4. On November 16, 2021, Judge Pacold entered an order, severing Plaintiff's individual claims against Ford from those of the other Plaintiffs in *Van*. *Van* Dkt. 674. Plaintiff's case was subsequently reassigned to this Court. Dkt. 1.

5. On November 16, 2021, a complaint was filed in this case, consistent with Judge Pacold's instructions relating to the severance of Lewis Bledsoe's claims. Dkt. 1. *See also Van* Dkt. 674.

6. Plaintiff's complaint in this action is a copy of the 194-page SAC in *Van*. Dkt. 1; *Van* Dkt. 59. That complaint is replete with allegations about acts, events, individuals, and

locations that have no bearing on Plaintiff's individual claims. The complaint contains claims on behalf of Lewis Bledsoe against Ford for (1) sexual harassment in violation of Title VII; (2) sex discrimination in violation of Title VII; (3) retaliation under Title VII; (4) common law assault and battery; and (5) intentional infliction of emotional distress (previously dismissed by the Court and preserved for appeal purposes only).

7. In light of the foregoing, Ford respectfully requests that the Court schedule a status conference and set a schedule for Plaintiff to file a complaint that sets forth and clarifies her individual claims against Ford.

8. In the meantime, the Court should strike Plaintiff's complaint because it contains putative class allegations (rendered moot through the denial, twice, of class certification in *Van*) and other unrelated allegations and claims that are irrelevant to Plaintiff's individual claims. Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are appropriately "used to expedite a case by remov[ing] unnecessary clutter," *Top Tobacco, L.P. v. Good Times USA, LLC*, No. 14-CV-8978, 2017 WL 395698, at *2 (N.D. Ill. Jan. 30, 2017) (citation and quotation marks omitted), or "remove irrelevant issues from consideration," *NewNet Commc'n Techs., LLC v. VI E-Cell Tropical Telecom, Ltd.*, 2015 WL 1520375, at *3 (N.D. Ill. Mar. 30, 2015), that "unnecessarily muddle the present proceedings," *Braun v. CDW LLC*, 2013 WL 1499031, at *3 (N.D. Ill. Apr. 10, 2013) (striking *pro se* complaint in its entirety and granting leave to amend).

9. For the foregoing reasons, Defendant Ford respectfully requests the Court strike the complaint (Dkt. 1) and schedule a status conference to set a deadline by which Ms. Lewis-Bledsoe must file a complaint setting forth and clarifying her own individual claims against Ford.

Alternatively, in the event the Court sets a status conference without striking the complaint, Defendant requests that its responsive pleading deadline (if any) be stayed pending the outcome of such status conference and resolution of issues regarding the content of the complaint.

DATED: November 24, 2021

Respectfully submitted,

*/s/ Kathleen M. Nemechek*
Kathleen M. Nemechek, N.D. Ill. No. 50139
BERKOWITZ OLIVER LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: 816.561.7007
Facsimile: 816.561.1888
knemechek@berkowitzoliver.com

Katherine V.A. Smith (admitted *pro hac vice*)
Molly T. Senger (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539
ksmith@gibsondunn.com
msenger@gibsondunn.com

Derek Barella
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: 312.258.5500
Facsimile: 312.258.5600
dbarella@schiffhardin.com

*Counsel for Ford Motor Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of November, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and served the foregoing by email as follows:

Terri Lewis-Bledsoe
26542 S. Stephanie Court
Monee, IL 60449
Telephone: (314) 495-0974
terri1090@gmail.com

*Plaintiff Pro Se*

*/s/ Kathleen M. Nemechek*
*Counsel for Ford Motor Company*