IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERRI LEWIS-BLEDSOE,

                   Plaintiff,

       v.

FORD MOTOR COMPANY,

                   Defendant.

Case No. 21 C 6116

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Terri Lewis-Bledsoe ("Lewis-Bledsoe") brings suit against Defendant Ford Motor Company ("Ford") for five counts of sexual harassment and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the Illinois Gender Violence Act ("IGVA"), 740 ILL. COMP. STAT. ANN. 82/1—98. Ford has filed a Partial Motion to Dismiss under Rule 12(b)(6). For the reasons stated herein, the Motion is granted.

### I. BACKGROUND

#### A. Factual History

Lewis-Bledsoe worked for Ford in its Chicago Assembly Plant. (Second Am. Compl. ¶ 7, Dkt. No. 20.) She alleges that during the course of her employment, she faced sex and gender discrimination and sexual harassment. (*Id.* ¶¶ 20—21, 32.) Specifically, Lewis-Bledsoe alleges that one of her supervisors, Superintendent Myron

Alexander ("Alexander"), subjected her to repeated instances of unwanted touching, including grabbing her from behind and lifting her up off the ground. (*Id.* ¶ 21.) Lewis-Bledsoe reported Alexander's conduct to Ford via its sexual harassment hotline and Labor Relations department. (*Id.* ¶¶ 23—24.) She also made reports to her supervisors and to her union. (*Id.*)

Lewis-Bledsoe claims that despite her reports, Ford took no meaningful steps to protect her from further discrimination, harassment, or battery. (*Id.* ¶¶ 25—27.) Instead, Lewis-Bledsoe claims that because of her complaints, a supervisor working for Ford threatened her with disciplinary action and denied her requests to report additional instances of sexual harassment. (*Id.* ¶ 42.) Lewis-Bledsoe further alleges that as a direct result of her complaints, her supervisors deprived her of bathroom breaks and overtime opportunities granted to employees that did not complain and assigned her to work undesirable tasks with insufficient tools. (*Id.* ¶ 42.) Ford asserts that the Ford employee who subjected Lewis-Bledsoe to discrimination and retaliation, presumably her supervisor Alexander, was terminated in October 2014. (Def.'s Mot. To Dismiss at 1 n.2, Dkt. No. 22.)

## B. Procedural Posture

Lewis-Bledsoe initially brought her claims against Ford as a named plaintiff in a class action suit in *Van v. Ford Motor*

*Company*, No. 14 C 8708 (N.D. Ill. filed Nov. 3, 2014) ("Van Class Action"). Lewis-Bledsoe's individual claims were severed on November 16, 2021. Court Minute Order, *Van v. Ford Motor Company*, No. 14 C 8708 (N. D. Ill. Nov. 16, 2021), Dkt. No. 674. The Clerk of Court was ordered to open a new case for Lewis-Bledsoe's claims and to file the most recent operative Complaint in the Van Class Action in the new case. *Id.*

Lewis-Bledsoe filed a Second Amended Complaint ("SAC") on January 13, 2022, alleging five counts: Hostile Work Environment and Sexual Harassment in Violation of Title VII (Count I); Gender Discrimination in Violation of Title VII (Count II); Retaliation in Violation of Title VII (Count III); Battery (Count IV); and Illinois Gender Violence Act ("IGVA") Claim (Count VI). (Second Am. Compl., Dkt. No. 20). The Court notes that Lewis-Bledsoe's Second Amended Complaint only lists five causes of action, but she has labeled her IGVA claim as Count VI instead of Count V. Counts I-IV comprise claims that were severed from the Van Class Action. Count VI was added with the filing of the SAC. Ford has filed a Partial Motion to Dismiss as to Count VI only.

## II.  <u>LEGAL STANDARD</u>

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) seeks to challenge the sufficiency of a complaint or claim. *Skinner v. Switzer*, 562 U.S. 521, 529 (2011). To survive

such a motion, the claim must be facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A claim is facially plausible if the plaintiff has pled facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere conclusory statements or recitations of the elements of a claim are insufficient. *Id.* When considering Rule 12(b)(6) motions to dismiss, courts accept all well-pleaded facts as true and view such facts in the light most favorable to the plaintiff. *Papasan v. Allain*, 478 U.S. 265, 278 (1986).

### III.  DISCUSSION

Lewis-Bledsoe brings her new count, Count VI, under the IGVA, 740 ILL. COMP. STAT. ANN. 82/1—98, which states in relevant part:

> Any person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence. For purposes of this Section, "perpetrating" means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence.

740 ILL. COMP. STAT. ANN. 82/10. The IGVA defines "gender-related violence" as one or more acts of assault or battery "committed, at least in part, on the basis of a person's sex." *Id.* 82/5. Lewis-Bledsoe asserts that Alexander's conduct, which includes unwanted touching like grabbing Lewis-Bledsoe from behind, is an act of

battery that constitutes gender-related violence under the IGVA. Lewis-Bledsoe asserts that Ford has perpetrated gender-related violence by encouraging or assisting Alexander's behavior via its tolerance of his conduct.

Ford has filed a Partial Motion to Dismiss pursuant to Rule 12(b)(6) arguing that Count VI should be dismissed for three reasons. First, Ford argues that the IGVA does not apply to corporations. Second, Lewis-Bledsoe has not pled sufficient facts to support that Ford committed any of the acts prohibited under the IGVA. Finally, Ford argues that Lewis-Bledsoe's IGVA claim is time-barred.

### A. Corporate Liability Under the IGVA

Ford contends that, as a corporate entity, it does not qualify as a "person" who can be sued under the IGVA. Courts considering this issue have focused on the legislature's use of the term "person" in the IGVA and whether a corporation can act "personally." *See e.g., Fayfar v. CF Mgmt.-IL, LLC*, No. 12 C 3013, 2012 WL 6062663, at *1-2 (N.D. Ill. Nov. 4, 2012). Because Lewis-Bledsoe's IGVA claim is a state law claim, the Court applies the law as the Illinois Supreme Court would. *See Home Valu, Inc. v. Pep Boys-Manny, Moe & Jack of Del., Inc.*, 213 F.3d 960, 963 (7th Cir. 2000).

The Illinois Statute on Statutes states that "'[p]erson' or 'persons' . . . may extend and be applied to bodies politic and corporate as well as individuals." 5 ILL. COMP. STAT. ANN. 70/1.05. However, "[t]he Statute on Statutes states that 'person' 'may extend and be applied to bodies . . . corporate[.]' This 'does not mean that ["person"] must or even that it usually does' extend to corporations, only that it 'may.'" *Fuesting v. Uline*, 30 F.Supp. 3d 739, 743 (N.D. Ill. 2014) (citations omitted). As a general rule, courts interpret "person" to include corporate entities unless that interpretation is inconsistent with the context, language, or legislative history of the statute. *McCaleb v. Pizza Hut of Am., Inc.*, 28 F.Supp. 2d 1043, 1049 (N.D. Ill. 1998).

The Illinois Supreme Court has not specifically ruled on whether "person" as used in the IGVA could apply to corporations, but the Illinois Appellate Court has. *See Gasic v. Marquette Mgmt.*, 146 N.E.3d 10, 14 (Ill. App. Ct. 2019). Plaintiffs point to *Gasic v. Marquette Management*, wherein the Illinois Appellate Court was asked to answer a certified question of whether a legal entity could be a "person" who acted "personally" within the context of the IGVA. *Id.* at 11–12. The *Gasic* court noted that corporations have traditionally been granted protections and been subject to restrictions that apply to "persons." *Id.* at 13. Therefore, under certain circumstances, corporations hypothetically could be

considered "persons" acting "personally" for the purposes of the IGVA. *Id.* at 14.

In response, Defendants cite to *Mundo v. City of Chicago*, which suggests that there is "compelling reason to doubt" that the Illinois Appellate Court in *Gasic* interpreted the term "person" the same way the Illinois Supreme Court would. *Mundo*, No. 20 C 2562, 2021 WL 3367160, at *5 (N.D. Ill. Aug. 3, 2021). Where such doubt exists, the appellate court's decision is not authoritative. *Id.* As noted in *Mundo,* the Illinois Supreme Court has already held that the "plain and ordinary" meaning of the term "person" is "an individual human being" in *People v. Christopherson*, 899 N.E.2d 257, 260 (Ill. 2008), and that "absent a statutory definition that expands the meaning of person, that term refers to an individual, not a legal entity." *Mundo*, 2021 WL 3367160 at *5 (citing *Fayfar*, 2012 WL 6062663 at *1). Furthermore, "[n]othing in the text of the IGVA suggests that the drafters intended to deviate from this rule." *Mundo*, 2021 WL 3367160 at *5. On this basis, the court in *Mundo* found that corporations are not "persons" who acted "personally" under the IGVA. *Id.* This Court agrees. The Court therefore finds that Lewis-Bledsoe has failed to state a claim under state law.

### B. Statute of Limitations

Defendants argue that an alternative reason to dismiss Count VI of Ford's claim is that is it time-barred under the statute of limitations. Under the IGVA, the statute of limitations for gender-related violence involving battery or a physical intrusion is seven years, or seven years from when the victim turns eighteen years old. 740 ILL. COMP. STAT. ANN. 82/20. Ford states that the former Ford employee whose conduct serves as the basis for Lewis-Bledsoe's IGVA claim was terminated in October 2014. Based on this date, Ford asserts that Lewis-Bledsoe's claim should have been filed no later than October 2021. (Def.'s Mot. to Dismiss at 1 n.2, Dkt. 22). Lewis-Bledsoe asserted an IGVA claim for the first time in the SAC, filed January 13, 2022, which is outside the statute of limitations.

Even when a claim is untimely, the claim may be allowed in an amended pleading if it relates back to an original pleading filed within the applicable statute of limitations. FED. R. CIV. P. 15(c). Under Rule 15(c)(1)(B), a claim added to an amended pleading relates back to the original pleading if it "[arises] out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Rule 15(c)(1)(B) only applies to amended pleadings that are filed in the same action as the original pleading. *Bailey v. N. Ind. Pub. Serv. Co.*, 910 F.2d 406, 413 (7th

Cir. 1990). Because the present action arises from severance of Lewis-Bledsoe's individual claims in the Van Class Action, the present action is part of the Van Class Action. *See Hodges v. Ill. Bell Tel. Co.*, No. 15 C 2711, 2015 WL 6407757, at *3 (N.D. Ill. Oct. 21, 2015). Lewis-Bledsoe joined the Van Class Action as a named plaintiff with the filing of a First Amended Complaint on May 1, 2015. First Am. Compl. ¶ 1*, Van v. Ford Motor Co.*, No. 14 C 08708 (N.D. Ill. dismissed March 28, 2022), Dkt. No. 29. Therefore, the original pleading for the purposes of this action is the First Amended Complaint filed in the Van Class Action on May 1, 2015 ("Van FAC"), well before the seven-year statute of limitations expired in October 2021.

The Court has two choices when faced an issue of unresolved state law. The Court could dismiss the state law claim outright or simply decline to exercise jurisdiction. 28 U.S.C. § 1367(c). Although the Court acknowledges that there is some uncertainty in the state law, the timing of the amendment to the federal claim bars Lewis-Bledsoe's IGVA claim from being pled separately. If the Court simply declined to exercise jurisdiction over the state law claim, Lewis-Bledsoe's IGVA claim would not relate back to any lawsuit, and the claim would be barred in state court. Because the Court finds that the Illinois Supreme Court would define "person" as set forth in the IGVA to exclude corporations, and because

declining to exercise jurisdiction would be futile for Lewis-Bledsoe's claim, the Court grants Ford's Motion to Dismiss Count VI.

### IV.   <u>CONCLUSION</u>

For the reasons stated herein, Ford's Partial Motion to Dismiss (Dkt. No. 22) is granted.

**IT IS SO ORDERED.**


_____
        Harry D. Leinenweber, Judge
        United States District Court

Dated: 6/28/2022